**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2306**

DEEPAK KUMAR KC,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

**No. 06-1604**

DEEPAK KUMAR KC,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

On Petitions for Review of Orders of the Board of Immigration
Appeals. (A97-479-692)

Submitted: September 22, 2006          Decided: December 18, 2006

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Petitions denied by unpublished per curiam opinion.

Khagendra Gharti-Chhetry, CHHETRY & ASSOCIATES, P.C., New York, New York, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Patricia M. Bowman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated petitions for review, Deepak Kumar KC ("Petitioner"), a native and citizen of Nepal, requests review of an order of the Board of Immigration Appeals adopting and affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture, and a separate order denying his motion to reopen.

In No. 05-2306, Petitioner challenges the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Petitioner fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Because Petitioner cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir.

- 3 -

2004). Because substantial evidence supports the ruling that Petitioner is ineligible for asylum, he likewise fails to qualify for withholding of removal.

We also find that substantial evidence supports the finding that Petitioner fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2005). We find that Petitioner failed to make the requisite showing below.

With respect to No. 06-1604, the Board ruled that Petitioner did not establish a nexus between the persecution he feared by Maoist insurgents and his political beliefs, and that he failed to present evidence sufficient to establish prima facie eligibility for asylum on the grounds that members of his political party are subject to persecution on account of their opposition to both the Maoists and the monarchy.

We review a denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992). A denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. MA v. INS, 899 F.2d 304, 308 (4th Cir. 1990)(en banc). We have reviewed the

evidence of record and conclude that Petitioner fails to show that the Board abused its discretion.

Accordingly, we deny both petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITIONS DENIED</u>